IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | | |
|---|---|---|
| SAMANTHA S. NIX, | : | |
| Plaintiff, | : | Civil Action No. . . . . . . . . |
| vs. | : | |
| | | Pro Se |
| Georgia Regents University, a Georgia | : | |
| Corporation, | | |
| Defendant. | : | 2:15-CV-0083 |

## COMPLAINT

### 1. INTRODUCTION

1. This is an action seeking redress for the violation by the defendants of rights guaranteed to the plaintiff by Title I of the Americans with Disabilities Act of 1990 as amended, ("ADA"), 42 U.S.C. 12101 *et seq.;* the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. 1001 *et seq.;* the Consolidated Omnibus Budget Reconciliation Act ("COBRA") and the Family and Medical Leave Act ("FMLA"), 29 U.S.C. 2601 *et seq*.

2. The plaintiff, proceeding *pro se*, is a thirty-eight year old female American citizen, and former employee of the Lee Arrendale State Prison in Alto, Georgia claiming she was unlawfully terminated in violation of the Americans with Disabilities Act ("ADA") of 1990, as amended, for an

"attendance" pattern during her employment while she was suffering the disabling effects of trigeminal neuralgia, endured two distinct surgeries during her seven-year employment at the Arrendale State Prison in Alto, Georgia and seeks equitable and monetary relief under the Acts noted in Item 1 above, for the loss of salary, recovery of loss of employer matching contributions to a teacher retirement fund and consequential penalties for early withdrawal of such funds, recovery of higher COBRA payments resulting from the unlawful termination, and all other appropriate relief to which she is entitled under the law.

## 11. JURISDICTION

3. Jurisdiction of this Court is invoked under Title I of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. sections 12131-12134, and those statutes recited above in paragraph 1.

4. The plaintiff has filed a complaint with the Equal Employment Opportunity Commission ("EEOC"), which agency was not able to resolve the controversy and which issued a letter to plaintiff dated January 15, 2015, informing and advising the plaintiff that it was unable to resolve the controversy as described to it and that it was not prepared to take further efforts therein and gave Notice of Suit Rights. Plaintiff received said letter at her Post Office Box in Clarkesville, Georgia on January 27, 2015.

5. The plaintiff has timely filed this action in this Court.

## III. PARTIES

6. The Plaintiff, Samantha S. Nix, is a thirty-eight year old white female American Citizen and a resident of Clarkesville, Georgia. She was employed as an Office Associate at the Georgia Department of Corrections, Lee Arrendale State Prison Medical Department in Alto, Georgia from October 12, 2006 to October 31, 2013 when she was involuntarily terminated.

7. The defendant, Georgia Regents University, is a corporation organized under the laws of the State of Georgia, with its principal place of business located at 1120 15th Street, Augusta, Georgia. At all times material hereto, the defendant was engaged in managing the Georgia Department of Corrections in the operations of the Lee Arrendale State prison, at Alto, Georgia, and in particular, the Arrendale State Prison Medical Department where plaintiff worked.

## IV. ALLEGATIONS

8. On or about October 12, 2006, the plaintiff commenced employment with the defendant at the Lee Arrendale State Prison in Alto, Georgia in the position of Office Assistant in the Prison Medical Department.

9. Up to the time of the wrongful discharge alleged herein, the plaintiff

performed her duties and functions handling clerical and administrative matters in the Medical Department for a period of seven years in outstanding fashion generating rank pay grade increases without disciplinary actions; in fact, at the time of her discharge, the plaintiff was a senior Assistant in terms of responsibilities, rank and longevity of service.

10. Since a date uncertain in 2011, the plaintiff has been, and continues to be, afflicted with a chronic pain condition known as "trigeminal neuralgia" affecting the trigeminal cranial nerve which carries sensation from the face to the brain, essentially creating episodes of intense, stabbing, electric shock-like facial pain and can lead to irritability, severe anticipatory anxiety, depression and life-threatening malnutrition.

11. Plaintiff was referred to a neurosurgeon which resulted in two neurosurgeries on September 19, 2011 and June 6, 2012; the condition persists but is manageable and alleviated by special prescriptive medications.

12. Attributes of trigeminal neuralgia fall within the "disability" definition under section 12102 of the Americans with Disabilities Act, as amended, where the afflicted have a physical or mental impairment that substantially limits one or more major life activities, including walking, talking, seeing, eating, and hearing.

13. In and around the time of these surgeries, several days of "sick leave" and eventually "accrued annual leave" were consumed in the post-surgery recovery and convalescent phases; all absences were, of course, known by and approved by Stephen Davis, her supervisor.

14. On or around October 31, 2013, in the encounter described in Item 13 above, Supervisor Davis did not inform the plaintiff of any means of accommodation, such as telecommuting work tasks or extended leave accommodations; Supervisor Davis was insistent that plaintiff had only the choice to resign or face involuntary discharge.

15. Defendant caused the plaintiff to be discharged, giving as cause "attendance" on the Separation Notice required to be provided the subject employee by State law. *See* O.C.G.A. 34-8-190(c).

16. In fact, the plaintiff, up to the moment of her discharge, had earnestly complied with all of the defendant's rules and policies regarding absences from work as those rules were explained to her by the defendant's representatives, primarily Supervisor Davis.

17. Further, the plaintiff took very few days of leave unassociated with the trigeminal neuralgia disability, and never without the knowledge and approval of her supervisor.

18. As a result of the aforementioned arbitrary and capricious acts of the

defendant, the plaintiff has suffered grievous harm, including, but not limited to, substantial loss of income, and loss of benefits, including loss of health and life insurance policies, and expenses incurred from "early withdrawal" from her 401(k) account.

19. The aforesaid acts of the defendant constitute unlawful disability discrimination under the Americans with Disabilities Act of 1990, as amended, caused the plaintiff to suffer the following harmful monetary-loss consequences and are asserted as "damages" proximately caused:

(1) salary of $11.37 per hour resulting in "take-home" weekly pay of $454.80 for the period starting October 31, 2013 and continuing to 10-31-2016 . . . . . . . . . . .  $ 70,948.80

(2) loss of vested Regency retirement ERISA protected employer-based contributions (401k) . . . . . . . .  $ 18,072.28

(3) recoupment of the 401(k) withdrawal tax penalty (2013) . . . . . . . . . .  $ 1,807.33

(4) COBRA insurance premiums of $527.34 per month for 36 months . . . . . . . . .  $ 18,984.24

(5) out-of-pocket medical expenses (to date) . . . . . . . $    312.98

(6) pain and suffering/emotional distress     $ 10,000.00
           _____
                                              $ 120,125.53

WHEREFORE, Plaintiff prays that this Court assume jurisdiction herein and thereafter:

A. Permit and authorize the plaintiff to proceed *pro se* during all proceedings and without payment of filing fees under the Court's procedures for *indigent* parties.

B. Declare the conduct of the defendant to be violative of rights guaranteed to the plaintiff under appropriate federal law.

C. Direct the defendant party to compensate plaintiff for all losses incurred as a result of the unlawful termination, including compensatory and punitive damages to which she is entitled.

D. Award the plaintiff such other further relief as the Court deems just and appropriate and necessary to correct the illegality and wrong done unto the plaintiff.

E. Award the plaintiff costs and reasonable attorney's fee.

F. Plaintiff demands jury trial on so triable issues.

Dated: This 27 day of April, 2015.

                                          Respectfully submitted,

                                          /s/ Samantha S. Nix, *pro se*
                                          Samantha S. Nix, *pro se*
                                          149 Diamond Drive
                                          Clarkesville, GA 30523
                                          tel: 706.968.4389

Samantha Nix
149 Diamond Drive
Clarkesville, GA 30523

  

U.S. POSTAGE
PAID
CLARKESVILLE, GA
30523
APR 28, 15
AMOUNT
$2.03

1000

United States District Court
Northern District of Georgia
Federal Building
121 Spring SE Room 201
Gainesville, GA 30501

CLEARED SECURITY
MAY 01 2015
U.S. Marshals Service
Gainesville, GA